UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA          :
                                  :
v.                                :   CASE NO. 98-264-CR-T-26(F)
                                  :
NICHOLAS WILLIAM GRIFFIN,         :
JAMES ALLEN, III, and             :
JEFFREY ALLEN                     :

## SUPERSEDING INDICTMENT

The Grand Jury charges:

### COUNT ONE

#### A. INTRODUCTION

1. Nicholas William Griffin was involved in a sexual relationship with the victim during which a videotape was made of Nicholas William Griffin engaging in sexual activity with the victim.

2. As the result of the sexual relationship between Nicholas William Griffin and the victim, the victim became pregnant with Nicholas William Griffin's child.

3. On or about March 23, 1998, the victim advised Nicholas William Griffin that she was pregnant with his child.

## B. THE AGREEMENT

4. From a date unknown, but at least on or about April 13, 1998, to on or about June 30, 1998, in the Middle District of Florida, and elsewhere, the defendants,

**NICHOLAS WILLIAM GRIFFIN,
JAMES ALLEN, III, and
JEFFREY ALLEN,**

did knowingly and willfully combine, conspire, confederate and agree with persons known and unknown to the Grand Jury to commit the following offenses against the United States:

(A) To deposit in an authorized depository for mail matter or cause to be delivered by the Postal Service a communication containing a threat to injure the reputation of another with the intent to extort from any person a thing of value, in violation of Title 18, United States Code, Section 876;

(B) To use the mails and any facility in interstate commerce with intent to promote, manage, establish, carry on and facilitate the promotion, management, establishment and carrying on of unlawful activity, namely, extortion, and thereafter performed and attempted to perform an act to promote and carry on extortion in violation of Title 18, United States Code, Section 1952(a)(3).

## C. THE MANNER AND MEANS

5. The manner and means by which the conspiracy was sought to be accomplished included, among others, the following:

(A) It was part of the conspiracy that a conspirator would and did agree to mail to the victim a videotape which depicted her engaged in a sexual act.

2

(B)  It was further part of the conspiracy that a conspirator would and did mail to the victim a photograph of the victim in the nude.

(C)  It was further part of the conspiracy that a conspirator would and did call the victim and threaten her that if she did not obtain an abortion the videotape and the nude photograph would be mailed to her employer and to her father and to everyone that she knew.

(D)  It was further part of the conspiracy that a conspirator would and did call the victim's employer and advise the employer that the victim was pregnant and accuse the victim of harassing a married man and his wife from her place of employment.

(E)  It was further part of the conspiracy that a conspirator would and did agree to meet the victim and turn over the original videotape and the original nude photographs and all copies that had been made.

(F)  It was further part of the conspiracy that despite the agreement with the victim, the original videotape and all copies would not be given to her.

(G)  It was further part of the conspiracy that a conspirator would and did direct the victim to provide the receipt for the abortion to another person.

## D. OVERT ACTS

6.  In furtherance of the aforesaid conspiracy and to effect the objects thereof, the following overt acts, among others, were committed in the Middle District of Florida and elsewhere:

(A)  On a date unknown, but before April 13, 1998, the Defendant, Nicholas William Griffin, made copies of a video tape which depicted the victim engaging in

3

sexual activity with him. The copies were edited so that they contained only segments of the original tape in which Nicholas William Griffin's face did not appear and in which he could not be readily identified. The edited copies of the tape depicted scenes where the victim could be identified, where her naked body was visible, and in which it was obvious that she was engaged in sexual activity.

(B) On or about April 8, 1998, the defendant Nicholas William Griffin, mailed a package which contained one of the edited copies of the videotape and a copy of a naked photograph of the victim to the defendant James Allen, III, with instructions that the defendant James Allen, III, should mail the package to the victim.

(C) On or about April 10, 1998, the defendant James Allen, III, mailed to Tampa, Florida, a package addressed to the victim which contained a videotape which depicted the victim engaged in sexual activity and a photograph of the victim in the nude.

(D) On or about April 14, 1998, the defendant James Allen, III, made a telephone call to Tampa, Florida, and therein threatened the victim.

(E) On or about April 24, 1998, the defendant Nicholas William Griffin, requested that the defendant Jeffrey Allen, assist him in coercing the victim to have an abortion.

(F) On or about April 24, 1998, the defendant Jeffrey Allen, made a telephone call to Tampa, Florida, to the victim's employer, and therein falsely accused the victim of harassing a married man by telephone calls made from her place of employment.

4

(G) On or about May 17, 1998, the defendant Jeffrey Allen, made a telephone call to Tampa, Florida and therein threatened the victim in order to coerce her to have an abortion.

(H) On or about May 24, 1998, the defendant Nicholas William Griffin, slashed two tires of the victim's car.

( I ) On or about June 30, 1998, the defendant Nicholas William Griffin, slashed two tires of the victim's car.

All in violation of Title 18, United States Code, Section 371.

## COUNT TWO

On or about April 13, 1998, in Hillsborough County, in the Middle District of Florida, and elsewhere, the defendants,

**NICHOLAS WILLIAM GRIFFIN, and
JAMES ALLEN, III,**

did knowingly cause to be delivered by the United States Postal Service, according to directions thereon, a package which contained a videotape and a photograph, which were part of a threat to injure the reputation of the addressee, with the intent to extort from any person a thing of value, to wit; the defendant James Allen, III, threatened that he would send a copy of the videotape, which contained depictions of the victim engaged in sexual activity, and a nude photograph of the victim to her employer and to her father and to everyone she knew if she did not have an abortion of the child that she was carrying.

In violation of Title 18, United States Code, Sections 876 and 2.

5

## COUNT THREE

On or about April 14, 1998, in the Middle District of Florida and elsewhere, the Defendants,

**NICHOLAS WILLIAM GRIFFIN, and
JAMES ALLEN, III,**

did knowingly and willfully use the mails and a communications facility in interstate commerce, namely, a telephone, with intent to promote, manage, establish, carry on and facilitate the promotion, management, establishment and carrying on of an unlawful activity, namely, extortion, in violation Florida statutes, and thereafter did promote, manage, establish and facilitate the promotion, management, establishment and carrying on of said unlawful activity.

In violation of Title 18, United States Code, Sections 1952 (a)(3) and 2.

## COUNT FOUR

On or about May 17, 1998, in the Middle District of Florida and elsewhere, the Defendants,

**NICHOLAS WILLIAM GRIFFIN, and
JEFFREY ALLEN,**

did knowingly and willfully use the mails and a communications facility in interstate commerce, namely, a telephone, with intent to promote, manage, establish, carry on and facilitate the promotion, management, establishment and carrying on of an unlawful activity, namely, extortion, in violation Florida statutes, and thereafter did promote,

manage, establish and facilitate the promotion, management, establishment and carrying on of said unlawful activity.

In violation of Title 18, United States Code, Sections 1952 (a)(3) and 2.

A TRUE BILL,

*Frances J. McKeon*
FOREPERSON

CHARLES R. WILSON
United States Attorney

By: *Karen Cox*
KAREN COX
Assistant United States Attorney

By: *Stephen M. Kunz*
STEPHEN M. KUNZ
Assistant United States Attorney
Deputy Chief, Criminal Section